UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                                 Docket No.: 1:24-CV-04939-VMS

                Plaintiff,

-against-

SCOTTSDALE INSURANCE COMPANY,     **FIRST AMENDED COMPLAINT**

                Defendant.
------------------------------------------------------------------X

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), as and for its First Amended Complaint for Declaratory Judgment against Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), alleges upon information and belief as follows:

**Nature of the Action**

1. Travelers is providing a defense to Aurora Contractors, Inc. ("Aurora") in an action titled *GGP Staten Island Mall, et al. v. Aurora, et al.,* Index No. 150180/2021, in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action").

2. The Underlying Action arose from alleged property damage sustained to the premises at 2655 Richmond Ave, Staten Island, New York, owned by GGP Staten Island Mall ("GGP") on July 17, 2018, when an electric Core duct failed catastrophically on the rooftop of its mall.

3. The Underlying Action was brought by GGP and the following insurers as subrogees of GGP: ACE American Insurance Company, Certain Underwriters at Lloyd's London subscribing to Policy No. BOWPN1800272/091/270/274; Endurance American Specialty Insurance Company; Westport Insurance Corporation; Liberty Mutual Fire Insurance Company;

1

American International Group UK Limited formerly known as Lexington London, a division of AIG Europe; Chubb Custom Insurance Company; and Allianz Global Corporation & Specialty SE (collectively, the "Underlying Plaintiffs").

4. In the instant action, Travelers seeks a declaration that Scottsdale is obligated to defend and to indemnify Aurora on a primary and non-contributory basis, in connection with the Underlying Action in which the underlying plaintiff, GGP, asserts claims for property damage, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Aurora in said action.

## Parties

5. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

6. Upon information and belief, at all times relevant hereto, Scottsdale was and is an Ohio corporation with a principal place of business in Scottsdale, Arizona.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

9. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policies issued by Scottsdale.

10. Travelers has no other adequate remedy at law.

**Insurance Policies**

11. Upon information and belief, Scottsdale issued a commercial general liability insurance policy bearing policy number NCS0001141 to ADCO Electrical Corp. ("ADCO") with effective dates of August 30, 2017 to August 30, 2018 (the "Scottsdale Policy").

12. Upon information and belief, the Scottsdale Policy is subject to certain terms, conditions, and exclusions that generally provide coverage for property damage that takes place during the policy period and is caused by an accident.

13. Upon information and belief, pursuant to an additional insured endorsement in the Scottsdale Policy titled ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS, the Scottsdale Policy provides for additional insurance for:

1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
2. Any other person(s) or organization(s) you are required to add as an additional insured under the contract or agreement described in paragraph 1. above.

Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.

14. Upon information and belief, the Scottsdale Policy has an endorsement providing that such additional insured coverage is primary to and will not seek contribution from any other insurance available to an additional insured.

15. Travelers issued a policy no. DT1NCO963K6095 to Aurora in effect from September 19, 2017 to September 19, 2018 (the "Travelers Policy").

16. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for property damage that takes place during the policy period and is caused by

3

an accident.

17. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to Aurora where it has been added as an "additional insured."

## BACKGROUND FACTS

18. Prior to the alleged accident in the Underlying Action, Aurora and GGP, the owner, entered into a written agreement, pursuant to which Aurora agreed to work as the general contractor in connection with the construction project at 2655 Richmond Avenue, Staten Island, New York ("The Premises").

19. On April 19, 2017, Aurora and ADCO entered into an AIA Standard Form of Agreement Between Contractor and Subcontractor, along with GGP, in which ADCO was to perform electrical work at the Premises ("Prime Contract").

20. Pursuant to the Prime Contract at ARTICLE 13 – INSURANCE AND BONDS, ADCO agreed to defend, hold harmless and indemnify Aurora as the general contractor against all claims arising out of or resulting from the performance of ADCO's work, in addition to obtaining additional insured coverage on a primary and noncontributory basis.

21. The scope of work for ADCO included supplying labor, certain electrical equipment, materials and supplies in connection with the subject duct.

22. On January 25, 2020, the plaintiffs in the Underlying Action (the "Underlying Plaintiffs") filed a Complaint in the Underlying Action against the defendants, including Aurora, asserting a cause of action for breach of contract against Aurora. A true copy of the Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

23. In their Complaint, the Underlying Plaintiffs allege that part of the Project required

the procurement and installation of three new electrical feeders, or "cores," on the roof of one of the buildings at the Premises. Each core is made up of a system of electrical parts collectively called a "busway." See Exhibit "A" at ¶ 20.

24. Further, it is alleged that as part of its work as general contractor, Aurora, either itself or through one of the subcontractors it hired, procured three new busways ("the Busways") and the three new Busways came to be referred to as Cores 1, 3, and 4. See Exhibit "A" at ¶ 22.

25. The Complaint alleges that problems arose almost immediately after Core 1's installation by Aurora or its subcontractor in the Summer or Fall of 2017. See Exhibit "A" at ¶¶ 25-6.

26. After a series of inspections, it was discovered that Core 1 had a series of issues, including a "manufacturing defect" as well as "characteristics consistent with the depletion of Core 1's electrical insulation." Despite these concerns, it was determined that Core 1 was fit to operate and Core 1 was energized. See Exhibit "A" at ¶¶ 27-33

27. On July 17, 2018, Core 1 failed catastrophically causing its destruction, as well as destroying Core 2 and other property of GGP. See Exhibit "A" at ¶¶ 34-35.

28. On May 6, 2021, Aurora filed an amended third-party action against ADCO in the Underlying Action, alleging that ADCO materially breached its subcontract by performing its work in a defective, improper and unworkmanlike manner and by supplying defective and non-conforming materials causing Aurora to sustain monetary damages, including but not limited to monies being withheld by GGP under its contract. A true copy of the Amended Verified Third-Party Complaint in the Underlying Action is attached hereto as **Exhibit "B"**.

29. ADCO filed an answer with a counterclaim against Aurora for breach of contract. ADCO claims that in breach of its contract claim against Aurora, that Aurora has failed to pay it

$2,421,000.04 for services rendered in relation to the Project. A true copy of ADCO's Answer and Counterclaim in the Underlying Action is attached hereto as **Exhibit "C"**.

30. In the Complaint filed in the Underlying Action, the Underlying Plaintiffs have attributed the Core 1 duct explosion to Aurora's alleged breach of its warranty that all materials and equipment used in connection with the project would be good quality and free from fault and defect, and any work or materials not conforming to these requirements may be considered defective. See Exhibit "A" at ¶43

31. It is further alleged in Underlying Action that Aurora's breach of its contractual obligations, including its responsibility for the work of its subcontractors was a direct and proximate cause of Underlying Plaintiffs' damages. See Exhibit "A" at ¶¶ 44-7.

32. ADCO was Aurora's subcontractor at the Premises and installed the allegedly defective busways.

33. In the Underlying Action, the Underlying Plaintiffs seek to impose liability on Aurora for alleged property damage caused, in whole or in part, by ADCO's acts or omissions, or the acts or omissions of those acting on behalf of ADCO, in the performance of ADCO's ongoing operations.

34. Travelers is defending Aurora in connection with the Underlying Action.

## TENDERS TO SCOTTSDALE

35. By correspondence dated March 15, 2021, Travelers tendered the additional insured status, defense and indemnity of Aurora in the Underlying Action to ADCO on a primary and noncontributory basis.

36. By correspondence dated April 4, 2022, counsel for ADCO sent Travelers a letter denying the tender.

37. By correspondence dated October 10, 2023, counsel for Aurora sent ADCO's counsel a letter renewing its tender demand for Aurora.

38. Travelers subsequently renewed its tender to Scottsdale, but, to date, Scottsdale still refuses to provide a defense and indemnity to Aurora for the Underlying Action under the Scottsdale Policy.

39. Scottsdale has refused to provide "additional insured" coverage to Aurora under the Scottsdale Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

40. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "39" above as if fully set forth herein.

41. Aurora qualifies as an "additional insured" under the Scottsdale Policy.

42. The coverage provided to Aurora under the Scottsdale Policy is primary and non-contributory with any coverage provided by the Travelers Policy.

43. Accordingly, Travelers seeks a declaration that Scottsdale has an obligation to defend and indemnify Aurora as an "additional insured" under the Scottsdale Policy; that the coverage provided by the Scottsdale Policy to Aurora is primary and non-contributory; and that the obligations of Travelers to Aurora in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Scottsdale Policy.

44. In addition, Travelers seeks an award at law and in equity against Scottsdale for recovery of all sums Travelers has paid in the defense of Aurora in the Underlying Action because the coverage provided by the Scottsdale Policy is primary to any coverage provided by Travelers.

45. Further, Travelers seeks an award at law and in equity against Scottsdale for recovery of all sums Travelers has paid and continues to pay in the defense of Aurora in the

Underlying Action because the coverage provided by the Scottsdale Policy is primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Aurora is an "additional insured" under the Scottsdale Policy to whom Scottsdale owes coverage with respect to the Underlying Action;

2. Declaring that Scottsdale has a duty to defend and indemnify Aurora in the Underlying Action up to and including the respective policy limits of the Scottsdale Policy;

3. Declaring that all coverage owed by Scottsdale to Aurora with respect to the Underlying Action is primary to any coverage provided by Travelers to Aurora;

4. Declaring that the obligations of Scottsdale to Aurora with respect to the Underlying Action are primary to any obligations of Travelers to Aurora;

5. Declaring that the obligations of Travelers to Aurora in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Scottsdale Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Scottsdale in an amount equal to the sums that Travelers incurred in defending the claims against Aurora in the Underlying Action;

7. Awarding judgment against Scottsdale in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Aurora in the Underlying Action;

8. Awarding judgment against Scottsdale in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify Aurora in the Underlying Action;

9. Granting an award in favor of Travelers for the costs of suit incurred herein; and

10. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 28, 2024

USERY & ASSOCIATES

By: /s/ Amy C. Gross
Amy C. Gross, Esq.
*Attorneys for Plaintiff—*
*The Phoenix Insurance Company*
Direct: 917.778.6462
Fax: 844.571.3789
Email: acgross@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York, NY 10017

9